## COMMONWEALTH *vs.* WILLIAM BURKE.

Evidence of an assault with a weapon dangerous to life will support a complaint for a simple assault, even if the complaint alleges that it was not committed with a weapon dangerous to life.

HOAR, J. The defendant was tried in the court of common pleas, on an appeal from a judgment upon a complaint which charged him with an assault and battery alleged in the usual form, with the additional averment " that the said assault and battery was not committed with intent to commit any other offence, nor with a weapon dangerous to life." The evidence on the trial showed that the assault was committed " with a weapon dangerous to life ; " and the exception of the defendant is, that he ought not to have been convicted of an assault upon such evidence under such a complaint.

The court are of the opinion that the conviction was right. The offence proved included the offence charged. The evidence was fully sufficient to establish the affirmative allegations in the complaint; and although it went farther, and proved an aggravation of the offence, which not only was not charged, but was expressly negatived by the complaint, no wrong was done to the defendant thereby. Matter of aggravation is not a descriptive averment, when alleged affirmatively. Under an indictment charging an assault with aggravation, the defendant may be convicted of the substantive offence, without the aggravation. And if this is clearly so, and the aggravation, when alleged, is not held to be a descriptive averment, so that the government is not bound to prove the whole charge according to the allegation, that is, if it forms no part of the identity of the offence charged, we can see no reason why it should be considered as a matter of identity or description, when the aggravation is expressly negatived in the complaint.

Whether the evidence before the magistrate would have sustained the charge of the aggravated offence, if it had been alleged, does not appear ; but it was the good fortune of the defendant that the government was content to proceed against him so mildly.

In *Commonwealth* v. *Squire*, 1 Met. 264, it was held that, in the case of larcenies, it would be no defence to an indictment, to show that the defendant had committed the offence charged, but with certain aggravating circumstances not charged ; that the greater offence includes the less, so that evidence proving the greater offence will support an indictment for the smaller offence ; and that therefore the conviction or acquittal of a party charged with the minor larceny, would be a bar to a subsequent indictment charging the same larceny with aggravating circumstances. And in *Commonwealth* v. *M'Pike*, 3 Cush. 181, the defendant was held to have no just ground of objection to a conviction upon an indictment for manslaughter, because the facts proved on his trial showed that he had been guilty of murder. In that case, he was charged with the commission of the homicide, without any allegation of malice aforethought. We do not see that the decision would have been different, if the indictment had expressly averred that there was no malice aforethought.     *Exceptions overruled.*

*J. W. May*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.